## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV18-10271 JAK (JDEx) | Date | April 2, 2019 |
| Title | Salvador Lopez v. Healthcare Services Group, Inc. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | | |
| Andrea Keifer | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR ORDER REMANDING ACTION TO STATE COURT (DKT. 12)**

### I. Introduction

On September 28, 2018, Plaintiff Salvador Lopez ("Lopez") brought this action in the Los Angeles Superior Court against his former employer, Healthcare Services Group, Inc. ("HSG"). Dkt. 1-1 at 2. On December 11, 2018, HSG removed based on diversity jurisdiction. Dkt. 1. The Complaint advances several causes of action based on the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq*., including (1) discrimination, (2) retaliation, (3) failure to prevent discrimination and retaliation, (4) failure to provide reasonable accommodations, and (5) failure to engage in a good faith interactive process; as well as (6) declaratory judgment and (7) wrongful termination in violation of public policy. Dkt. 1-1 at 1.

On February 7, 2019, Lopez filed a Motion for Order Remanding Action to State Court (the "Motion"). Dkt. 12. HSG opposed the Motion on February 15, 2019. Dkt. 14. Lopez filed a reply on February 22, 2019. Dkt. 15. A hearing on the Motion was conducted on March 11, 2019, and the matter was taken under submission. *See* Dkt. 18.

For the reasons stated in this Order, the Motion is **DENIED**.

### II. Factual Background

Lopez alleges that HSG hired him as a full-time, non-exempt housekeeper on April 1, 2017, and that he performed his duties well. Dkt. 1-1 ¶ 16. On June 10, 2017, Lopez was allegedly injured during work while moving a bed. *Id*. ¶ 18. After informing his supervisor and visiting a clinic, in order to rest, Lopez took off the remainder of the day and the next day. *Id.* ¶ 19. The Complaint alleges that Lopez was not subject to any work restrictions due to the injury. *Id.* On June 12, 2017, Lopez allegedly returned to work, and learned that his hours had been reduced from 36-40 hours to 15 hours per week. *Id.* ¶ 20.

On December 27, 2017, Lopez allegedly went on temporary disability leave. Dkt. 1-1 ¶ 21. In August 2018, Lopez was allegedly cleared to return to work with restrictions. *Id.* ¶ 22. However, Lopez alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10271 JAK (JDEx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Salvador Lopez v. Healthcare Services Group, Inc. | | |

that when he informed HSG that he was able to return, he learned that HSG had terminated him while he was on leave. *Id.* The Complaint alleges that Lopez was then 60 years old. *Id.* ¶ 17.

The Complaint seeks relief including compensatory damages of lost wages, earnings and commissions. It also seeks damages that reflect lost retirement benefits, other employee benefits, as well as general damages for "mental pain and anguish and emotional distress and loss of earning capacity," punitive damages, and attorney's fees. *Id.* at 17.

**III.    Analysis**

      A.      Legal Standards

            1.      Removal and Remand

A motion to remand is the means to contest jurisdiction for a removed action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a civil action may be removed only if, at that time it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are ones of limited jurisdiction, the removal statute is strictly construed, and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal citations omitted).

            2.      Diversity Jurisdiction

Federal courts have jurisdiction over actions where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Generally, "[i]f removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Where the initial pleading seeks nonmonetary relief, the notice of removal may assert the amount in controversy. *Id.* Removal is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the [statutory requirement]." *Id.* "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

"The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks and citation omitted); *see also Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10271 JAK (JDEx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Salvador Lopez v. Healthcare Services Group, Inc. | | |

where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

    B.    Application

        1.    <u>Diversity of Citizenship</u>

The parties do not dispute that there is diversity of citizenship. Dkt. 1-1 ¶¶ 2-3; Dkt 1 ¶¶ 9-10. Lopez is a citizen of California. Dkt. 1-1 ¶ 2. HSG is a citizen of Pennsylvania. Dkt. 1 ¶ 10.

        2.    <u>Amount in Controversy</u>

At the time of removal, HSG stated that it is "apparent that the amount in controversy exceeds $75,000." Dkt. 1 at 5. Lopez disagrees. Dkt. 12 at 6. The Complaint does not allege any specific amount of damages, other than the averment that there is more than $25,000 at issue. That allegation is a basis for the filing of the action as one for which there is general, rather than limited, state court jurisdiction. Dkt. 1-1 at 20. As noted, it seeks "compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts . . . special damages, and . . . general damages for mental pain and anguish and emotional distress and loss of earning capacity;" "prejudgment interest," "punitive damages, pursuant to Civil Code § 3294;" "costs of suit, attorney's fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;" and "post-judgment interest." *Id.* at 18-19.

HSG argues that "the nature of Plaintiff's allegations and the anticipated relief she [*sic*] will seek" make show that the amount in controversy exceeds $75,000. Dkt. 1 at 6 (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003)). This is not a sufficient basis to establish the amount in controversy. *See, e.g.*, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). Instead, the burden is on HSG to "prove, by a preponderance of the evidence" that more than $75,000 is in controversy. *Id.* at 404; *Matheson*, 319 F.3d at 1090.

These standards are applied to the categories of relief and recovery sought in the Complaint.

            a.  Lost Wages

Based on evidence that Lopez's hourly wage was $11.08 per hour (Dkt. 14-2 at 1), HSG contends that his lost wages "could total well over $23,000." Dkt. 14 at 10. At the hearing, Plaintiff's counsel agreed that an estimate of $23,000 reflected "wages that occurred during the relevant time period." Accordingly, it is appropriate to include this amount in assessing whether the $75,000 threshold has been satisfied.

            b.  Emotional Distress and Punitive Damages

A request for emotional distress damages may be assessed as part of determining the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10271 JAK (JDEx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Salvador Lopez v. Healthcare Services Group, Inc. | | |

controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "To establish probable emotional distress damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts." *Daley v. Walmart Stores, Inc.*, 2018 WL 3104630, at *5 (C.D. Cal. 2018) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)).

Furthermore, "it is well established that punitive damages are part of the amount in controversy in a civil action" where they are recoverable under one or more of the plaintiff's claims for relief. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Most of Lopez's claims allege violations of FEHA, and are ones for which punitive damages are available. Cal. Gov. Code § 12940; see also *Simmons*, 209 F. Supp. 2d at 1033 (potential award of punitive damages considered in determining the amount in controversy in a FEHA case). As with emotional damages, when punitive damages are requested but not specified, the defendant may "introduce evidence of jury verdicts in cases involving analogous facts" in order to establish a probable sum. *Id.*

HSG cites several cases in support of its argument that the requests for punitive and emotional distress damages add significantly to the amount in controversy. Dkt. 14 at 12-14. HSG argues principally that these cases presented similar claims to those advanced here. *Id.* These cases presented factual allegations that were materially different from those in the Complaint. For example, HSG cites *Simmons*, in which the plaintiff alleged racial discrimination, not disability or age discrimination. 209 F. Supp. 2d at 1030. Furthermore, *Simmons* determined that the emotional damages were "substantial" without fixing a sum. *Id.* at 1034. *Vasquez v. Arvato Digital Services*, 2011 WL 2560261 at *4 (C.D. Cal. 2011), reached a similar conclusion.

Regarding punitive damages, HSG submits a study showing that between 1992 and 1996, such awards in discrimination and wrongful termination cases averaged $895,863, with a median of $366,000. Dkt. 14-6. However, this 25-year-old data sample is not a "case involving analogous facts." HSG also argues that "three relatively recent Southern California juries have awarded punitive "damages well in excess of $75,000," but does not describe the claims or facts in those cases. Dkt. 14 at 14. HSG also relies on *Bolanos v. Priority Business Services, Inc.*, 2018 WL 1224655, at *5-*6, *14 (Cal. Ct. App. 2018), a "disability discrimination/failure to accommodate" case in which the plaintiff obtained a verdict for $39,966.84, including compensatory and non-economic damages in equal share, and attorney's fees of $231,470.50. HSG argues *Bolanos* is "nearly identical" to the instant case because both Lopez and Bolanos advanced similar causes of action and asserted "essentially the same allegations." Dkt. 14 at 11-12.

In *Bolanos,* a metal assembler suffered an on-the-job injury. Dkt. 14-5 ¶¶ 15, 18. A doctor released him to return to work, but a restriction on lifting objects. He was then reassigned to office work. *Id.* ¶¶ 19-20. Later, the employer informed Bolanos that he could no longer be accommodated. *Id.* ¶¶ 21-22. He was never recalled to work, but was instead told he could reapply. *Id.* ¶¶ 23-28. Bolanos brought an action in which he asserted the same causes of action that are advanced in the Complaint. After a jury trial, Bolanos prevailed on two of eight causes action. The damages award of $39,966.84 included $19,983.42 for "non-economic" losses.

Lopez contends that the facts presented by Bolanos vary from those alleged here. Dkt. 15 at 3. However, such a variance is not dispositive with respect to whether the cases are analogous. *Simmons*, 209 F. Supp. 2d at 1033. In each a manual worker suffered an on-the-job injury and was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10271 JAK (JDEx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Salvador Lopez v. Healthcare Services Group, Inc. | | |

given alternative employment, before being terminated. Because the causes of action are very similar, it is appropriate to consider that Bolanos was awarded $19,983 for "non-economic" losses. *Bolanos*, 2018 WL 1224655 at *5.

Consistent with this determination is the admission made by Plaintiff's counsel at the hearing. He was asked whether, assuming a lost wage award of "$23,000 and not more," it would be "unreasonable" to assume that emotional distress and punitive damages would each be in the range of $20,000. Counsel responded, "that is a reasonable assumption." Therefore, it is reasonable to accept that there is at least $40,000 in controversy through the requests for punitive and emotional distress damages.

       c. Attorney's Fees

As noted, the amount of a potential award of attorney's fees can be considered with respect to claims brought under a statute that authorizes such an award to the prevailing party. See *Galt G/S*, 142 F.3d at 1155–56. The calculation of the amount in controversy at the time of removal includes the amount that could be awarded if the plaintiff prevailed at trial. *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("A court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met," because "if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then . . . future [attorneys' fees] are "at stake" in the litigation'. . . .") (internal citations omitted); *see also Alvarez v. Interstate Hotels, LLC*, 2019 WL 77133, at *3 (C.D. Cal. 2019) (noting the expansive calculations permitted in this Circuit); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *11 (C.D. Cal. 2018) (same).

An estimate of a potential award of attorney's fees may be based on those that have been made in similar cases. *See Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. 2015) ("The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases."). In support of its argument as to the amount of these fees, HSG again cites *Bolanos*, in which plaintiff's counsel was awarded $231,470, notwithstanding that less than $40,000 of damages was awarded. 2018 WL 1224655, at *14-19 (confirming the fee award).

"[T]o use … exorbitant amounts as the basis for amount in controversy . . . would be to transform every employment discrimination case, no matter how simple, into a matter meeting the amount in controversy requirements for federal jurisdiction." *Alvarez*, 2019 WL 77133, at *3. Instead, it requires a case-by-case assessment as to the alleged misconduct and the complexity of the issues that would be presented at trial. However, it is not necessary to make such a determination as to the entire amount awarded in *Bolanos.* Once again, at the hearing, Plaintiff's counsel conceded that an attorney's fee award of one-third of the amount placed in controversy by the lost wages and non-economic damages was "a reasonable assumption." Because $63,000 has reasonably been placed in controversy -- $23,000 for lost wages, $20,000 for punitive damages, and $20,000 for emotional distress damages -- one-third of this amount would be $21,000. This means that the total amount reasonably in controversy is at least $84,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-10271 JAK (JDEx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Salvador Lopez v. Healthcare Services Group, Inc. | | |

## IV.    Conclusion

For the reasons stated in this Order, because the elements of diversity jurisdiction have been established, the Motion is **DENIED**. The Scheduling Order setting dates in this action will be issued separately.


**IT IS SO ORDERED.**

                                                                                                                 :

Initials of Preparer    ak